Gurdas SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74854.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 28, 2007.*

Filed July 10, 2008.

Judith Lott, Law Offices Of Judith Lott, Newark, CA, for Petitioner.

Liza S. Murcia, Oil, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurdas Singh, a native and citizen of India, petitions for review of the Board of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

■ The BIA concluded that the IJ did not clearly err in finding Singh not credible, and substantial evidence supports that conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). "We give special deference to a credibility determination that is based on demeanor," and the IJ's description of Singh's increased fidgeting as questions grew difficult is a classic observation which only an IJ is entitled to make. *See Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005) (internal quotations omitted). Further, at least several of the specific inconsistencies and implausibilities noted by the IJ are supported in the record and go to the heart of Singh's application. *See Singh,* 367 F.3d at 1143. These include Singh's claim that he had no apparent injuries despite severe beatings, the vagueness of Singh's description of his political involvement, and his statement that he was at home recovering from his imprisonment and torture at the time that he walked into town to pick up his driver's license. We are not compelled to conclude that Singh was credible. *See id.*

■ Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent requirement for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's CAT claim is based on the same testimony the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish that the

record compels a finding of eligibility for CAT relief. *See id.* at 1157.

PETITION FOR REVIEW DENIED.